WILLIAM R. AND VICKIE A. BROOKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brooks v. Commissioner
Docket No. 13844-80
United States Tax Court
T.C. Memo 1982-690; 1982 Tax Ct. Memo LEXIS 55; 45 T.C.M. (CCH) 222; T.C.M. (RIA) 82690; November 29, 1982. *55 James Morris, for the petitioners. Michelle Palmer, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioners' 1976 Federal income tax in the amount of $47,435, and imposed additions to tax pursuant to sections [1] 6653(a) and 6651(a) in the respective amounts of $2,468 and $2,372. After concessions, the issues for decision are (1) whether insurance commissions are taxable to petitioners or to a corporation; and (2) whether petitioners are liable for the addition to tax provided by section 6653(a) for negligence or intentional disregard of the rules and regulations. At the time the petition was filed, William R. Brooks (hereinafter petitioner) was living in Diamond Bar, California, *56 and Vickie A. Brooks was living in Los Alamitos, California. During 1975 petitioner was engaged in the business of selling life insurance contracts, acting as a commissioned insurance salesman. On or about April 21, 1976, petitioner and Donald Scharbrough formed a corporation called Epoch InsuranceServices Corporation (hereinafter Epoch). The stock in Epoch was owned 50 percent by petitioner and 50 percent by Mr. Scharbrough. Petitioner and Mr. Scharbrough, as well as an attorney, were the directors and officers of the corporation. On July 1, 1976, Epoch was issued a license by the California Insurance Commissioner to act in the State of California as a Life and Disability Agent. Petitioner and Mr. Scharbrough formed Epoch to limit liability, create a "firm image" to potential policy purchasers, and to provide a corporate employer for additional agents they anticipated recruiting. On May 1, 1976, petitioner entered into a written exclusive agency agreement with Epoch. This agreement provided that all sales of insurance made by petitioner during the next 4 years would be deemed to be made on behalf of Epoch, and that any commissions paid directly to petitioner on insurance *57 sales during the period of the agreement would be paid over to the corporation. After Epoch was formed it entered into contracts in its name with numerous insurance companies to act as agent for those companies and sell their policies to the public. In addition, petitioner, individually, entered into agency contracts with other insurance companies. These contracts were entered into by petitioner individually, rather than in the name of Epoch, because it was the policy of the companies involved to enter into agency agreements only with individuals, and not corporations or partnerships. During the remainder of 1976, petitioner sold insurance policies for the companies with whom he had entered into agency agreements and received commissions with respect to the policies sold totaling $95,732. All of the commission checks received in this regard by petitioner were endorsed by him to Epoch and deposited to Epoch's corporate bank account. On his 1976 return, petitioner excluded as income the $95,732 in commissions which had been received by him but paid over to Epoch. These commissions were reported by Epoch on its Federal income tax return for the calendar year 1976. Petitioner *58 excluded the commissions from his individual 1976 return on the advice of counsel and his income tax preparer and pursuant to his understanding that his arrangement with Epoch regarding the commissions made the commissions reportable by Epoch and not petitioner. Respondent determined that the commission income of $95,732 is income to petitioner for the year 1976. This issue may be resolved by reference to our opinion in Johnson v. Commissioner,78 T.C. 882 (1982). There, the taxpayer, a professional basketball player, executed a contract with a corporation whereby he granted the corporation the exclusive right to his services in professional sports for a fixed period of time, and the corporation agreed to pay petitioner a monthly sum. The taxpayer played for a professional basketball club pursuant to player contracts which he signed individually. The club refused to enter into contracts for his services with the corporation. However, it paid the taxpayer's salary to the corporation pursuant to assignments executed by him. We upheld the Commissioner's determination that the salary paid by the clubs for the taxpayer's services were taxable to him and not *59 the corporation. In doing so, we relied upon the general principle announced by the Supreme Court in Lucas v. Earl,281 U.S. 111 (1930), that income must be taxed to the individual who earns it irrespective of an assignment by the one earning the income to another. While recognizing that subsequent cases have upheld taxation of income to a corporation even though an individual associated with the corporation is primarily responsible for producing the income, we held in Johnson (p. 891) that in order for the corporation to be taxed in this situation, "* * * there must exist between the corporation and the person or entity using the services a contract or similar indicium recognizing the corporation's controlling position." Since the taxpayer in Johnson and not the corporation involved entered into the contract with the club paying the income, we held that the taxpayer was taxable on the income, even if it were assumed that he had a valid agreement with the corporation requiring that the salary be turned over to it. [2]
*60 We must reach a similar conclusion in this case. In this regard, we can assume that petitioner had an enforceable contract with Epoch requiring that he pay over to Epoch all of the commissions earned by him pursuant to agency agreements petitioner entered into with third party insurance companies. Nevertheless, since the agreements with the third parties paying the commissions were entered into by petitioner individually and not by Epoch, the commission income is taxable to him. A case relied upon by petitioner, American Savings Bank v. Commissioner,56 T.C. 828 (1971) is distinguishable. There, the taxpayer and another individual held all of the stock of a corporation which was held to be taxable upon insurance commissions which the Commissioner sought to tax to the taxpayer. However, the commissions were paid pursuant to agreements between the corporation and third party insurance companies and most of the sales generating the commissions were made by agents of the corporation other than the taxpayer and his co-owner. Such is not the case here. Also at issue is the question as to whether petitioner is liable for the addition to tax provided by section *61 6653(a) for negligence or intentional disregard of the rules and regulations. The evidence establishes that petitioner omitted the commission income from his 1976 return in reliance upon advice of counsel and with the good faith understanding and belief that the arrangements petitioner entered into made the income taxable to the corporation. Accordingly, we hold for petitioner on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Our opinion in Johnson v. Commissioner,78 T.C. 882 (1982), held that another element necessary for the corporation to be considered the "controller of the income" is that "* * * the service-performer employee must be just that - an employee of the corporation whom the corporation has the right to direct or control in some meaningful sense." Johnson,supra↩ at 891. Since we find, as subsequently discussed, that petitioner in this case has not met the requirement concerning the contract for services being entered into between the corporation and the third party, we need not and do not decide whether the other requirement is met.